**NOT FOR PUBLICATION**

FILED

MAY 5 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MARGARITO JIMENEZ-RAMIREZ, | No.    15-71648 |
| Petitioner, | Agency No. A088-738-963 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 30, 2021[**]

Before:  GRABER, FRIEDLAND, and BENNETT, Circuit Judges.

Margarito Jimenez-Ramirez, a native and citizen of Mexico, petitions for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

from an immigration judge's decision denying his applications for asylum,

withholding of removal, relief under the Convention Against Torture ("CAT"), and

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

cancellation of removal. Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Garcia-Milian v. Holder*, 755 F.3d 1026, 1031 (9th Cir. 2014). We deny in part and dismiss in part the petition for review.

Substantial evidence supports the BIA's determination that Jimenez-Ramirez failed to establish he suffered past persecution. *See Wakkary v. Holder*, 558 F.3d 1049, 1060 (9th Cir. 2009) (no past persecution where a murder and attempted murder were not part of a pattern of persecution closely tied to the petitioner); *see also Tamang v. Holder*, 598 F.3d 1083, 1091-93 (9th Cir. 2010) (no past persecution where petitioner was not personally harmed and the persecution his brother experienced did not directly impact petitioner). Substantial evidence also supports the BIA's determination that Jimenez-Ramirez failed to establish a well-founded fear of future persecution in Mexico. *See Gu v. Gonzales*, 454 F.3d 1014, 1022 (9th Cir. 2006) (petitioner did not present compelling, objective evidence demonstrating a well-founded fear of persecution); *see also Nagoulko v. INS*, 333 F.3d 1012, 1018 (9th Cir. 2003) (possibility of future persecution "too speculative"). Thus, Jimenez-Ramirez's asylum claim fails.

Because Jimenez-Ramirez failed to establish eligibility for asylum, he failed to demonstrate eligibility for withholding of removal. *Zehatye v. Gonzales*, 453 F.3d 1182, 1190 (9th Cir. 2006).

15-71648

Jimenez-Ramirez does not raise, and has therefore waived, any challenge to the agency's determination that he failed to establish that he was entitled to CAT relief. *Husyev v. Mukasey*, 528 F.3d 1172, 1183 (9th Cir. 2008).

We lack jurisdiction to review the agency's discretionary determination that Jimenez-Ramirez failed to show exceptional and extremely unusual hardship to his qualifying relative. *See* 8 U.S.C. § 1252(a)(2)(B)(i); *see also Martinez-Rosas v. Gonzales*, 424 F.3d 926, 929-30 (9th Cir. 2005) (the court's jurisdiction over challenges to the agency's discretionary determination is limited to colorable constitutional claims or questions of law). We reject Jimenez-Ramirez's contention that the agency's denial of his cancellation of removal claim violated his right to due process. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error to prevail on a due process claim); *see also Larita-Martinez v. INS*, 220 F.3d 1092, 1095-96 (9th Cir. 2000) (applicant failed to overcome the presumption that the BIA considered all relevant record evidence).

The temporary stay of removal remains in place until issuance of the mandate.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**